IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Eric Ralls | § | CASE NO. 24-60504 |
| xx-xxx5236 | § | |
| 6961 Park Slope | § | |
| Tyler, TX 75703 | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |

**MOTION TO APPROVE AUCTION AND BID
PROCEDURES FOR THE SALE AND TRANSFER
OF BUSINESS INTERESTS**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "Trustee"), in her capacity as the chapter 7 trustee for Eric Ralls (the "Debtor"), files this *Motion to Approve Auction and Bid Procedures for the Sale and Transfer of Business Interests* (the "Bid Procedures Motion"), and in support thereof respectfully states as follows:

**I. RELEVANT FACTUAL BACKGROUND**

1. On August 18, 2024, Eric Ralls filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Prior to the filing of Mr. Ralls' individual bankruptcy

case, Mr. Ralls also filed a voluantry petition for relief under Chapter 11 for Earthsnap, Inc ("Earthsnap").

2. On April 21, 2025, the Bankruptcy Court issued a lengthy order converting both Earthsnap's and Mr. Ralls' bankruptcy cases to Chapter 7.

3. Areya Holder Aurzada was appointed as the Chapter 7 Trustee for both Earthsnap and Mr. Ralls and continues to serve in that capacity.

4. On September 25, 2024, Mr. Ralls filed an Amended Schedule A/B that lists the following business interests:

<u>Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture</u>

- Digital Earth Media 86 % $11,500,000.00
- Metaversal Knowledge, Inc. 100 % $0.00
- EarthSnap, Inc. 86 % $0.0

5. In addition, and upon information and belief, Mr. Ralls owns an interest in Greenmind, LLC ("Greemind").

6. Upon information and belief, Digital Earth Media, Inc. ("DEM") is a holding company that owns 100% of Earthsnap and Earth.com. DEM has two shareholders – Mr. Ralls at 86% and H1 Investments at 14%.

7. Upon information and belief, Metaversal Knowledge, Inc. ("Metaversal") was the management company for Earth.com and Earthsnap prior to the bankruptcy filing. The current management company for Earth.com appears to be Greenmind and/or Mr. Ralls

8. Upon information and belief, the aforementioned business interests owned by Mr. Ralls are property of the Chapter 7 bankrupcy estate subject to marketing and sale. As such, the Trustee seeks to monetize the business interests for the benefit of all creditors.

## II. PROPERTY FOR SALE

9. The Trustee seeks to sale through auction the Debtor's interest in the following businesses:

- Digital Earth Media, Inc.
- Metaversal Knowledge, Inc.
- EarthSnap, Inc.
- Greenmind, LLC

(collectively the "Business Interests").

The sale of the Business Interests is without any warranties or representations.

10. Prior to the filing of this Bid Procedures Motion, the Trustee contacted several parties to solicit offers to purchase the Business Interests. The Trustee is actively marketing the Business Interests for sale, and the Debtor has filed a valuation report with the Bankruptcy Court (the "Quist Valuation") that is attached to Earthsnap's Motion to Reconsider the Conversion Order that was filed on May 5, 2025. Any parties in interest who would like a copy of the Quist Valuation may email the Trustee at areya@holderlawpc.com to requesta a copy.

## III. THE PROPOSED BID PROCEDURES

11. The Trustee seeks approval of the following bid and sale procedures:

(a) <u>Notice of Auction</u>. On the first business day following the entry of an order approving this Bid Procedures Motion, the Trustee will serve by first class mail or the Court's CM/ECF System a notice containing the date and time of the proposed auction to: (i) all potential purchasers of the Business Interests previously identified or solicited by the Trustee during this bankruptcy case; (ii) all other potentially interested parties identified by the

    Trustee in her business judgment as a potential purchaser or broker for a potential purchaser; (iii) the Office of the United States Trustee; (iv) counsel for Mr. Ralls; (v) all parties who are known to possess or assert a lien, claim, encumbrance or interest in Business Interests; and (vi) all persons and entities on the attached mailing matrix.

(b)  <u>Qualified Bidders</u>. Only Qualified Bidders may participate in the bidding process to purchase the Business Interests. To become a Qualified Bidder, a potential bidder must on or before 12:00 p.m. Central Time on July 31, 2025, (i) submit to the Trustee an unqualified and binding all cash bid of at least $3,000,000.00 ("Qualified Bids"); and (ii) provide financial and other information to the Trustee that allows the Trustee to make a reasonable determination as to such bidder's ability to timely consummate a sale as contemplated herein (which determination shall be in the Trustee's sole discretion). No letter of intent or other written proposal submitted to the Trustee prior to the filing of this Bid Procedures Motion by any party shall constitute or be considered a Qualified Bid for purposes of these bid and sale procedures. The Trustee shall be responsible for conducting the auction process.

(c)  <u>Auction</u>. If one or more timely Qualified Bids are received, an auction for the Business Interests will be conducted on August 6, 2025 at 2:00 p.m. Central Time via Zoom. At the commencement of the auction, the Trustee shall announce the bidding order, which shall be based on: (i) the amount of the Qualified Bidder's bid (from low to high); and (ii) if Qualified Bids are identical, the time the Qualified Bids were delivered to the Trustee (the first such received identical bid going first in the auction); Minimum overbid increments at the auction shall be in the amount of not less than $25,000.00. At the conclusion of the auction, the Trustee will announce the highest and best Qualified Bid (the "Highest and Best Bid") and the next highest and best Qualified Bid (the "Back-Up Bid"). Upon conclusion of the auction, the Trustee will file a Motion to Sell the Business Interests which will be set for hearing approximately 30 days after the conclusion of the auction.

(d)  <u>Sale Hearing</u>. The Trustee will seek approval of the Highest and Best Bid and the Back-Up via a Moton to Sell Buisness Interests (the "Sale Hearing"). The time of the Sale Hearing will be set by the Court and will be available on the CM/ECF docket sheet for this case or by contacting the Trustee. If for any reason, the Qualified Bidder submitting the Highest and Best Bid fails to timely consummate the purchase of the Business Interests and/or fails/is unable to Close, the Trustee may seek to consummate a sale based on the Back-Up Bid without further approval by the Court. The Back-Up Bid and the obligation of the party submitting such bid to consummate the purchase of the Business Interests shall remain open and in full force until the Closing of the sale and transfer of the Business Intereststt to the party making the Highest and Best Bid or the party making the Back-Up

Bid. Closing and payment to the Trustee must take place wthin 20 days of the entry of the Order Approving the Trustee's Motion to Sell Business Interests.

12. The Trustee submits that the foregoing procedure provides an appropriate framework to ensure that the Trustee's goal of obtaining the maximum value for the Business Interests is realized, while taking into account the need of the estate to close a sale promptly. The Trustee believes that a prompt sale will assure maximum value of the Business Interests, particularly given the fact that Mr. Ralls and Earthsnap are both in Chapter 7 banrkutpcy cases. Additionally, given the Trustee's prior efforts, the Trustee believes that the field of potential purchasers is limited and readily identifiable. The proposed process is transparent and represents a fair balance of the competing issues present in this case.

## IV.  RELIEF REQUESTED

13. In accordance with sections 105(a), 363, 503, and 507 of the Bankruptcy Code and Rules 2002, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure, the Trustee requests approval of the Bid Procedures to govern the sales process and ultimate sale and transfer of the Business Interests. The Trustee believes that the Bid Procedures will maximize the value of the Business Interests to the Debtor's bankruptcy estate for the benefit of all creditors.

## V.  ARGUMENT AND AUTHORITIES

14. Bid procedures should be approved when they are determined through the exercise of reasonable business judgment and when the proposed transaction (i) is in the best interest of the bankruptcy estate and (ii) maximizes revenues for the estate. *See e.g., In re Bombay Co., Inc.*, Case No. 07-44084-dml-11, 2007 Bankr. LEXIS 3218, at *12 (Bankr. N.D. Tex. Sept. 26, 2007) ("The principal question the court thus faces is whether management of the Debtors in fact exercised good business judgment."); *see also In re Tiara Motorcoach Corp.* 212 B.R. 133, 137 (Bankr. N.D. Ind. 1997).

15. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See Four B. Corp. v. Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the Debtor's duty with respect to such sales is to obtain the highest price or overall greatest benefit possible for the estate" (quoting *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988))).

16. To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *See In re Integrated Resources, Inc.*, 135 B.R. 746, 750 (Bankr. S.D.N.Y.), *aff'd,* 147 B.R. 650 (S.D.N.Y. 1992); *see also In re Financial News Network Inc.*, 126 B.R. 152, 156 (S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets . . . provide an adequate basis for comparison of offers, and [ ] provide for a fair and efficient resolution of bankrupt estates").

17. Here, the Trustee believes that the Bid Procedures, which are standard, customary, and ordinary, serve all of the foregoing purposes in a fair, equitable, transparent, and competitive manner, with no unreasonable or unfair advantage to any potential bidder. The Trustee further submits that the sale process and procedures described herein is in the best interest of the Debtor's bankruptcy estate and will maximize the value of the Business Interests. The Trustee further reserves the right to continue to market the Business Interest for sale.

## VI.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter an order approving the Auction and Bid Procedures and granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

                        Respectfully submitted,

By: /s/ *Areya Holder Aurzada*
    Areya Holder Aurzada
    SBOT 24002303
    Holder Law
    P.O. Box 2105
    Addison, TX  75001-2105
    Telephone: (972) 438-8800
    Email: areya@holderlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on June 10, 2025, upon the Debtor, Debtor's counsel, the attached mailing matrix and all parties receiving electronic notice.

By: /s/ *Areya Holder Aurzada*
    Areya Holder Aurzada