Gregory W. Mitchell
THE MITCHELL LAW FIRM, L.P.
1100 W. Campbell, Suite 200
Richardson, Texas 75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **In re Eric Ralls** | § | |
| | § | **Case No. 24-60504** |
| *Debtor* | § | |
| | § | **Chapter 7 (converted from chapter 11)** |

### DEBTOR'S OBJECTION TO MOTION TO APPROVE AUCTION AND BID PROCEDURES FOR THE SALE AND TRANSFER OF BUSINESS INTERESTS

TO THE HONORABLE U.S. BANKRUPTCY COURT JUDGE:

COMES NOW, Eric Ralls ("**Debtor**"), debtor in this bankruptcy case, and files this his *Debtor's Objection to Motion to Approve Auction and Bid Procedures for the Sale and Transfer of Business Interests* (the "**Objection**") in response to the *Motion to Approve Auction and Bid Procedures for the Sale and Transfer of Business Interests* (the "**Motion**") filed by Areya Holder Aurzada ("**Trustee**"), the chapter 7 trustee, and in support thereof respectfully represents:

1. Debtor objects to the Court's consideration of the Motion prior to adjudication of Debtor's Motion for Reconsideration and/or Appeal of the Court's *Order Granting Motion to Convert Subchapter V, Chapter 11 Cases Into Chapter 7 Bankruptcy Cases* (Docket #167 entered in jointly administered Bankruptcy Case No. 24-60363).[1]

---

[1] Procedural uncertainty exists based on this Court's *sua sponte Order Dissolving Joint Administration of Bankruptcy Estates* (Dkt. No. 168 entered in Case No. 24-60363). The Court's *Order Granting Motion to Convert* (Dkt. No. 167 entered in Case No. 24-60363) was *only* entered in the jointly administered case (*i.e.*, Case No. 24-60363). Therefore, both (previously) jointly-administered debtors initially filed their *Motion for Reconsideration* in Case No. 24-60363 because there would have been no order to reference in Case No. 24-60504. However, in an

2. Granting the Trustee's Motion, followed by the implementation of the procedures outlined therein, would have the effect of mooting Debtor's appeal rights. Indeed, a large percentage of the value of Debtor's estate lies in the assets Trustee seeks to liquidate pursuant to the Motion.

3. Allowance of the Trustee's Motion prior to Debtor's exhausting his appeal rights would therefore substantially harm the Debtor, as well as his estate. If Debtor's equity interests are sold, or if they are sold to someone or some entity with differing visions of the future of the underlying businesses, Debtor is unlikely to have any desire to continue to be involved in the activities of the business. Indeed, Debtor is a key employee of the businesses – as "key" as an employee could ever be. The value of those businesses is in Debtor's relationships with certain parties. If Debtor discontinues his involvement with the businesses the subject of the equity interests sought to be sold, the value of such equity interests could substantially drop or be wiped out entirely.

4. Therefore, Debtor objects to the timing of the Motion as being premature.

5. Neither the Trustee nor other parties in interest would be harmed by this Court's abating the Trustee's Motion until Debtor's appeal rights have been exhausted.

6. The risk that the Debtor will abandon his involvement with the businesses underlying the stock interests sought to be sold highlights an additional objection Debtor has with the Motion, and that is that the Motion fails to adequately disclose the risks inherent in the sale pursuant to which the Debtor may or may not continue to be involved. The Motion sets a

---

abundance of caution, Debtor Ralls subsequently re-filed his *Motion for Reconsideration* in Case No. 24-60504. When this Court subsequently entered its *Order Denying Motion to Reconsider* (Dkt. No. 191 entered in Case No. 24-60363 on June 10, 2025), it is unclear whether that order applies to both Debtors or only to Earthsnap, Inc. (the case in which that order was entered). Indeed, despite the denial order, parties in interest have filed separate objections to the *Motion for Reconsideration* filed in Case No. 24-60504. In any event, Debtor's appeal rights as to the Court's orders have not been extinguished.

base-level bid of $3,000,000 – which likely significantly undervalues the asset *if* the Debtor continues to be involved.  However, if the Debtor walks away, then that figure likely substantially overvalues the asset sought to be sold.  Adequate disclosure of those risks should be highlighted in the Motion (as well as in any subsequent marketing efforts and sale motions).

      **WHEREFORE**, Defendant herein requests that the Court find in favor of the Debtor and deny the relief sought in the Motion – without prejudice to refiling at a later time.  Defendant requests such other and further relief as may be just and proper.

**DATED this 30th day of June, 2025.**

      Respectfully submitted,

**THE MITCHELL LAW FIRM, L.P.**

**/s/   Gregory W. Mitchell**
Gregory W. Mitchell
1100 W. Campbell, Suite 200
Richardson, Texas  75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID:  00791285
E-mail:  gmitchell@freemanlaw.com

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

      I hereby certify that on **June 30, 2025**, a true and correct copy of the foregoing was served via U.S. Mail and/or ECF to all counsel of record in this matter.

/s/  **Gregory W. Mitchell**
Gregory W. Mitchell
Attorney for Debtor