| | |
|---|---|
| COMBINED COURT, SAN MIGUEL COUNTY, COLORADO<br>Court Address:  305 West Colorado Avenue<br>P.O. Box 919<br>Telluride, Colorado 81435 | DATE FILED<br>August 14, 2024 2:26 PM<br>FILING ID: 93AA273223317<br>CASE NUMBER: 2021CV30005 |
| PLANTSNAP INC.,<br><br>     Plaintiff,<br><br>v.<br><br>ERIC RALLS and EARTH.COM, INC.<br><br>     Defendants,<br>v.<br><br>DEJ PARTNERS, LLC<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>EARTHSNAP, INC.; DIGITAL EARTH MEDIA, INC.; METAVERSAL KNOWLEDGE, INC.<br><br>     Third-Party Defendants. | ▲  COURT USE ONLY  ▲<br><br><br><br>Case Number: 2021 CV 030005<br><br>Division: 3 |
| *Attorneys for PlantSnap Inc.*:<br>Dean E. Richardson (35349)<br>Patrick R. Akers (5480)<br>FENNEMORE CRAIG, P.C.<br>3615 Delgany Street, Suite 1100<br>Denver, Colorado 80216-3997<br>(303) 291-3200<br>(303) 291-3201 (facsimile)<br>drichardson@fennemorelaw.com<br>pakers@fennemorelaw.com<br><br>*Attorney for DEJ Partners, LLC:*<br>Peter W. Thomas (27657)<br>PRAXIDICE, PC<br>124 West Hyman Avenue, Suite 1A<br>Aspen, Colorado 81611<br>(970) 544-5900<br>peter@praxidicelaw.com | |
| ***FORTHWITH* MOTION FOR ORDER TO APPLY PROPERTY ON JUDGMENT** | |

EXHIBIT 6

PlantSnap Inc. ("PlantSnap") and DEJ Partners, LLC ("DEJP") (collectively "Plaintiffs"), by and through counsel, submit this *Forthwith* Motion for Order to Apply Property on Judgment ("Motion").

**Certificate of Conferral:** Undersigned certifies that they conferred with Defendants' counsel on the relief requested herein. Defendants have not responded, but likely oppose this motion.

**Notice Regarding EarthSnap's Bankruptcy:** This motion does not seek any relief from EarthSnap, Inc. ("EarthSnap") (pursuant to section 11 U.S.C. § 362(a), there is a stay as to any proceedings relating to EarthSnap). This motion only seeks relief against Defendant Ralls, as Ralls is in possession of the collateral.

## INTRODUCTION

Under the terms of the Parties' Binding Terms Sheets, Defendant Ralls pledged his shares in Defendant Digital Earth Media, Inc. ("Digital Earth Media") as collateral for certain monetary obligations. Ralls defaulted on all his obligations, leaving PlantSnap with three judgments: 1) February 29, 2024, judgment against Defendant Ralls for $705,00.00; 2) February 15, 2003, judgment against Ralls for $84,938.76; and 3) $2.5 million judgment entered July 31, 2024. DEJP now has three judgments as well: 1) March 4, 2024 for $978,043.23; 2) March 4, 2024 for $63,856.35; and 3) $1.5 million judgment entered July 31, 2024. The Binding Terms Sheets required Ralls to escrow his shares, and the escrow agent was to turn over to PlantSnap and DEJP upon default (which has now occurred).

During an August 6, 2024 status conference before the U.S. Bankruptcy Court for the Eastern District of Texas, EarthSnap's bankruptcy attorney intimated that Ralls again would place all the non-debtor entities, along with Ralls, back into bankruptcy to seemingly avoid his

2

**EXHIBIT 6**

obligations to PlantSnap and DEJP (among others). Also on August 6, 2024, this Court issued four writs of attachment relating to the Pledged Shares – one for Mr. Ralls, and three for any of his Colorado attorneys potentially holding the shares. As of the time of filing, Ralls has still not turned over the Pledged Shares.

Ralls cannot, and should not, be allowed to abuse the judicial process to avoid his obligations under the parties' Binding Terms Sheet. Under those agreements, Ralls' shares in Digital Earth Media should have already been turned over to PlantSnap and DEJP. Ralls has no right, but for his breach of the Binding Terms Sheets, to take any action as a shareholder related to Digital Earth Media and, more specifically, to place that entity into potential bankruptcy. PlantSnap and DEJP seek a forthwith order requiring Ralls to turn over the collateral he pledged in relation to his now defaulted obligations, and for any other relief the Court deems necessary and proper.

**FACTUAL BACKGROUND**

1. The Parties entered Binding Term Sheets on February 19, 2024. **Exhibits 1-2**.

2. The Binding Term Sheets required Ralls to escrow his shares in Defendant Digital Earth Media as security and collateral for the monetary consideration detailed in the Term Sheets (the "Pledged Shares"), to wit (the below references PlantSnap's Binding Terms Sheet, but the language is identical in both Term Sheets):

    A. The Note shall be secured by all of Ralls' founder's shares in the Entities (8,178,571, or the "Pledged Shares"). There are currently a total of 9,563,007 outstanding shares.

    B. The Pledged Shares are security certificates. Contemporaneously with Ralls placing the Pledged Shares in escrow, Ralls will execute a blank stock power to PlantSnap. An independent agent, on which all Parties will agree, will hold the Pledged Shares in escrow. The Parties will work together to formulate escrow instructions to the agent that conform with this Agreement. DEJ Partners, LLC ("DEJP"), PlantSnap, and the Ralls Parties

3

EXHIBIT 6

  each shall be responsible for one-third (1/3) of any fees or expenses charged by the escrow agent.

 C. Ralls authorizes PlantSnap to file a UCC-1 financing statement.

 D. ***If there is ever an uncured default of the Settlement Agreement, the escrow agent shall deliver the Pledged Shares to PlantSnap***. PlantSnap shall be authorized to promptly conduct a sale of the Pledge Shares pursuant to Article 9 of the Uniform Commercial Code. PlantSnap, upon an event of default, shall be empowered to exercise all voting and other rights associated with the Pledged Shares until such time as their disposition pursuant to the Uniform Commercial Code.

*Id.* at §§ 3(A)-(D) and 4(A)-(D) (emphasis added).

 3. Ralls failed to escrow the Pledged Shares.

 4. Ralls refuses to turn over the Pledged Shares to PlantSnap and/or DEJP. Moreover, he is in default under the Binding Terms Sheets given the July 31, 2024 entries of judgment.

 5. On August 6, 2024, EarthSnap's bankruptcy attorney intimated that Ralls might put Digital Earth Media into bankruptcy to prevent PlantSnap and DEJP from taking further action to enforce the Binding Terms Sheets.

 6. However, pursuant to the Binding Term Sheets, those shares, and the accompanying control of Digital Earth Media, should rest with PlantSnap and DEJP upon default.

 7. The only reason the shares have not been delivered to PlantSnap and DEJP is Ralls' continued breach of the Binding Term Sheets and his refusal to escrow the shares.

 8. Given Ralls' refusal to turn over the Pledged Shares, PlantSnap and DEJP seek an order from this Court requiring, under C.R.C.P. 69(g), Ralls to immediately turn over the Pledged Shares while enforcing the Binding Term Sheets.

 9. To avoid any doubt, ***undersigned seeks no relief against EarthSnap***.

EXHIBIT 6

**LEGAL STANDARD**

10. C.R.C.P. 69(g) allows the Court to order that Ralls immediately turn over the Pledged Shares:

> The court, master, or referee may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment. Any party or person who disobeys an order made under the provisions of this Rule may be punished for contempt. Nothing in this rule shall be construed to prevent an action in the nature of a creditor's bill.

11. Moreover, the law is clear that a settlement agreement is a contract to end judicial proceedings. *Recreational Dev. Co. v. Am. Constr. Co.*, 749 P.2d 1002 (Colo. App.1987).

12. A settlement agreement can be governed by and found enforceable under common law contract principles. *Yaekle v. Andrews,* 195 P.3d 1101, 1107 (Colo. 2008). Courts "interpret and enforce settlement agreements in accord with principles of contract law and with the policy favoring dispute resolution." *People v. Forsyth*, 292 P.3d 1248, 1255 (Colo. 2012).

13. A court may summarily enforce a settlement agreement if it is undisputed that a settlement exists. *Goltl v. Cummings*, P.2d 556, 559 (Colo. 1963) (Courts "look with favor upon agreements and stipulations to end litigation, and will enforce them if possible . . .").

14. A settlement agreement can be enforced if the terms are sufficiently definite to allow a court to determine whether the parties have complied with them. *Stice v. Peterson*, 355 P.2d 948 (Colo. 1960); *Mestas v. Martini*, 155 P.2d 161 (Colo. 1944).

**ARGUMENT**

15. Here, there is no dispute that a settlement exists in the form of the Binding Term Sheets.

**EXHIBIT 6**

16. Ralls has defaulted under the Binding Term Sheets, and on July 31, 2024, the Court entered judgment against all non-bankrupt entities (Defendants Ralls, Earth.com, Inc., Digital Earth Media, Inc., or Metaversal Knowledge, Inc.) in PlantSnap's favor in the amount of $2.5 million, and in DEJP's favor for $1.5 million.

17. Ralls' default also confirmed the Court's previous judgments 1) PlantSnap's February 29, 2024, judgment against Defendant Ralls for $705,00.00; 2) PlantSnap's February 15, 2003, judgment against Ralls for $84,938.76; 3) DEJP's March 4, 2024 for $978,043.23; and 4) DEJP's March 4, 2024 for $63,856.35.

18. Under both the Binding Term Sheets, if there is ever an uncured default, the escrow agent shall deliver the Pledged Shares to PlantSnap and/or DEJP.

19. The Parties agreed that this Court has sole and exclusive jurisdiction to resolve disputes relating to the Binding Term Sheets. Exs. 1-2 at §§ 14 and 13.

20. Ralls has not escrowed the Pledged Shares as he was required to do under the clear and unambiguous terms of the Binding Term Sheets. *Id* at §§ 3(A)-(D) and 4 (A)-(D).

21. As he has already defaulted under the Binding Term Sheets, the escrow agent is no longer necessary and the Court should order Ralls to turn the Pledged Shares over to Plaintiffs immediately.[1]

22. This motion will not affect EarthSnap, a bankrupt defendant, as Ralls holds the pledged shares, personally, and the shares relate to a non-bankrupt Defendant, Digital Earth Media.

---

[1] The Binding Term Sheets also make clear that "[t]he Parties agree that any cross collateralized obligations or other overlapping undertakings owed to DEJP and PlantSnap by the Rails Entities shall be governed by an Intercreditor Agreement between DEJP and PlantSnap to ensure that the Ralls Entities do not have conflicting contractual duties to DEJP and PlantSnap." Exs. 1-2 at §§ 13 and 12. As such, Plaintiffs will work out any issues relating to cross-collateralization between themselves.

EXHIBIT 6

WHEREFORE, Plaintiffs request this Court enter its order, the form of which is attached, ORDERING Ralls to immediately deliver to PlantSnap and DEJP the Pledged Shares at the offices of Fennemore Craig, 3615 Delgany Street, Denver, Colorado 80216, and ORDERING that PlantSnap and DEJP hold all equitable interests and title to the Pledged Shares pending Ralls' delivery of the physical certificates.

Dated: August 14, 2024.

/s/ Dean E. Richardson
Dean E. Richardson (#35349)
Patrick R. Akers (#54803)

*Attorneys for PlantSnap Inc.*

/s/ Peter W. Thomas
Peter W. Thomas (#27657)

*Counsel for DEJ Partners, LLC*

7

EXHIBIT 6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 14, 2024, a copy of the foregoing was filed via the Colorado Courts E-Filing system and served on all parties who have entered an appearance.

*/s/ Brenda K. Sussman*
Brenda K. Sussman

EXHIBIT 6