**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 24-60504 |
| | ) | |
| ERIC RALLS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING
## PLANTSNAP INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE VOTING AND OTHER RIGHTS WITH RESPECT TO THE DEM SHARES AND FOR RELATED RELIEF

On July 18, 2025, a *Motion for Relief from the Automatic Stay to Exercise Voting and Other Rights with Respect to the DEM Shares and for Related Relief* (the "**Motion**") was filed by PlantSnap Inc. (the "**Movant**") in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate fourteen (14)-day negative notice language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Court find that no objection or other written response to the Motion has been timely filed by any party. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order.

IT IS THEREFORE ORDERED that the Motion is hereby GRANTED so as to authorize the Movant to exercise its voting and other rights with respect to the DEM Shares.[1]

IT IS FURTHER ORDERED that the Trustee shall respond to any reasonable request by DEM for documents or information in order for DEM to reflect the transfer in voting rights from the Trustee to PlantSnap.

IT IS FURTHER ORDERED that the Court retains jurisdiction to resolve any disputes regarding the DEM Shares, which are property of the estate under 11 U.S.C. § 541(a), including, without limitation, DEM's refusal to recognize the Trustee's or PlantSnap's right to vote the DEM Shares.

IT IS FURTHER ORDERED that, since the Motion was unopposed by any part, the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(a)(3) shall not be applicable to this Order.

---

[1] Capitalized terms not defined herein shall have their same meaning as set forth in the Motion.

IT IS SO ORDERED.

Dated: _____          _____
                                        United States Bankruptcy Judge