Gregory W. Mitchell
THE MITCHELL LAW FIRM, L.P.
1100 W. Campbell, Suite 200
Richardson, TX 75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
COUNSEL FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-60504 |
| | § | |
| Eric Ralls | § | |
| | § | Chapter 7 (converted from |
| *Debtor* | § | chapter 11) |

### DEBTOR'S OBJECTION TO
### MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

COMES NOW, Eric Ralls ("**Debtor**"), Debtor in the above-entitled and numbered cause of action and files this Objection (the "**Objection**") to *Plantsnap Inc.'s Motion for Relief from the Automatic Stay to Exercise Voting and Other Rights with Respect to the DEM Shares and for Related Relief* (the "**Motion**") filed by Plantsnap, Inc. ("**Movant**"), and would show the court as follows:

1. Debtor denies generally the assertions in Movant's Motion.

2. The Motion makes numerous misrepresentations to this Court that serve not only as a basis for denying the Movant's Motion, but potentially as a basis for the imposition of sanctions.

3. The crux of Movant's position in the Motion is that Plantsnap allegedly has voting rights as to the DEM shares that were owned by the Debtor, and now by the Chapter 7 Trustee. Movant apparently contends that it has these voting rights as a result of a security interest it purportedly obtained in the DEM Shares as a result of the "Binding Term Sheet" (as that term is defined in the Motion).

4.  The problem with this position is the undisclosed and glaring omission to this Court that Movant has no security interest in the DEM shares – this despite false allegations and insinuations in the Motion to the contrary.

5.  In Paragraph 18(e)[1] of the Motion, Movant alleges that

> Ralls secured the obligations under the Binding Term Sheet with his shares of DEM's common stock (the "**DEM Shares**").

This statement is false. Although the Binding Term Sheet **_contemplates_** the creation of a Secured Promissory Note, upon information and belief, no such document exists.[2]

6.  In Paragraph 19 of the Motion, Movant further alleges that

> PlantSnap perfected its security interest in the DEM Shares by filing UCC-1 Financing Statements . . .

This statement is also false. The lack of a security agreement renders any UCC filing meaningless. It is black letter law that a security interest doesn't exist without a security agreement. A UCC filing does not create a security interest if there is no security agreement.

7.  The UCC establishes that a security interest attaches when three conditions are met:

    (1) the debtor has signed a security agreement containing a description of the collateral;

    (2) there is consideration; and

    (3) the debtor has obtained rights in the collateral.

*In re Payless Cashways, Inc.*, 273 B.R. 789 (Bankr. W.D. Missouri, 2002).

8.  A financing statement merely serves as public notice of a creditor's claim to a security interest but does not itself create or enforce the interest. *See In re Flores De New Mexico, Inc.*,

---

[1] Subparagraph (e) is, in fact, the 2nd subparagraph of ¶18, which unexplainedly begins its subparagraphs with (d).
[2] Undersigned counsel requested such document from Movant's counsel, and although Movant's counsel failed to explicitly acknowledge that no Secured Promissory Note exists, he failed to produce it and instead made his case for why its existence is irrelevant.

**RESPONSE TO MOTION TO LIFT STAY – P. 2**

151 B.R. 571 (Bankr. D. New Mexico, 1993); *In re Legal Cooperatives, Inc.* 5 B.R. 382 (Bankr. S.D. Tex., 1980).

9. The Binding Term Sheet contemplates a security agreement, but as admitted by Movant, when the parties proceeded to attempt to negotiate the terms of such a security agreement, they could not reach agreement. As a result, no security interest was ever granted. Movant would have this court manufacture a security interest out of thin air.

10. When confronted with these misrepresentations, counsel for Movant responded:

> Ralls refused to execute a promissory note or reduce the binding term sheet to a written agreement. Nevertheless, under Colorado law, the binding term sheet is a contract between the parties, which PlantSnap is now enforcing. I would also note that Ralls made payments pursuant to the very section he is now claiming does not exist.

Movant supplemented this response:

> The binding term sheet is an enforceable contract; the fact that Ralls refused to finalize the settlement documents (including the note) is irrelevant, because the terms of the agreement are sufficiently definite. *See McCarthy v. Kent*, No. 23CA1907, 2024 Colo. App. LEXIS 1862, at *5–6 (Colo. App. Sept. 12, 2024).

Unfortunately, both responses miss the point. While certain legal principles may support the existence of a contract,[3] such principles do not create a security interest. The parties may have performed in a manner consistent with the Binding Term Sheet, but that, too, does not create a security interest. The Binding Term Sheet itself may be "sufficiently definite," but the contemplated "Secured Promissory Note" simply does not exist.

11. The relief sought in Movant's Motion hinges on the existence of a security interest that Movant simply does not have.

---

[3] To the contrary, it's also possible that the failure by the parties to reach agreement on the terms of the contemplated Secured Promissory Note could render the Binding Term Sheet unenforceable and void based on the critical nature of the security agreement in the overall scope of the agreement between the parties.

12. This Court should not and cannot allow Movant's false claim to the existence of a security interest to dictate relief for Movant. The Motion must be denied as a matter of law.

**WHEREFORE**, Debtor prays that the relief sought by Movant be denied and for such other and further relief the court deems just and proper.

**DATED this 1ˢᵗ day of August, 2025.**

        Respectfully submitted,

        **/s/ Gregory W. Mitchell**
        Gregory W. Mitchell
        1100 W. Campbell Road, Suite 200
        Richardson, Texas 75080
        (972)463-8417 – Office
        (972)432-7540 – Facsimile
        State Bar ID: 00791285
        E-mail: greg@mitchellps.com

        ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on **August 1, 2025**, a true and correct copy of the foregoing was served via U.S. Mail and/or ECF to all parties receiving notice via the Court's ECF system.

        **THE MITCHELL LAW FIRM, L.P.**

        **/s/ Gregory W. Mitchell**
        Gregory W. Mitchell
        Attorney for Debtor