IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Eric Ralls** | § | |
| xxx-xx-0447 | § | Case No. 24-60504 |
| 6691 Park Slope, Tyler, TX 75703 | § | |
| | § | |
| Debtor | § | Chapter 7 |

## CORRECTED ORDER MODIFYING AUTOMATIC STAY

On October 9, 2025, the Court conducted a hearing on the "Motion for Relief from Automatic Stay Without Waiver of 30-Day Hearing Requirement As To Exercise Voting and Other Rights with Respect to the DEM Shares and for Other Relief" (the "Motion")[1] filed by the PlantSnap, Inc. on July 18, 2025, a preliminary hearing having been held on August 14, 2025 and a second hearing on September 9, 2025. Counsel for all relevant parties appeared as set forth on the record. After hearing the arguments and presentations of counsel, and for the reasons expressed on the record in open court, the Court finds that just cause exists for entry of the following order.

**IT IS THEREFORE ORDERED** that the automatic stay is hereby **MODIFIED** for cause as contemplated by 11 U.S.C. § 362(d)(1) to permit PlantSnap, Inc. and HI Investments, LLC, to provide advice or assistance as may be requested by the Chapter 7 Trustee, Areya Aurzada to aid in discharge of her duties as Trustee, including but not limited to her exercise of authority or control over property of the estate as permitted by applicable provisions of Title 11, United States Code. Such property of the estate includes the estate's interest in any legal entities in which Debtor, Eric Ralls, has an ownership interest.[2]

**IT IS FURTHER ORDERED** that entry of this order does **not** resolve, and is without prejudice to the rights of all parties with respect to, (1) whether PlantSnap, Inc. possesses a valid and enforceable security interest or lien, (2) whether Debtor has standing to oppose further stay relief if sought by PlantSnap, Inc. or any other party, nor

---

[1] ECF No. 80.

[2] For purposes of clarity, neither PlantSnap, Inc. nor HI Investments, LLC are granted permission to exercise authority or control over property of the estate directly themselves, absent further order of the Court.

(3) whether Debtor has standing to object to any proof of claim filed in this case.  As explained on the record, Debtor has failed to file conversion schedules as required, and has filed claim objections to which responses are not yet due but which implicate the resolution of one or more of the above enumerated questions.[3]  Accordingly, the above enumerated questions should not be resolved absent the holders of the proof of claims subject to these objections having an opportunity to respond to Debtor's objections in the time permitted under this Court's rules.

**IT IS FURTHER ORDERED** that the remainder of the relief requested in the Motion is **DENIED** *without prejudice*.

Signed on 10/10/2025

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[3] ECF Nos. 119 and 120.