EOD
08/21/2026

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ERIC RALLS** | § | Case No. 24-60504 |
| xxx-xx-0447 | § | |
| | § | |
| Debtor | § | Chapter 7 |

**SUA SPONTE ORDER GRANTING CONTINUANCE OF HEARING ON DEBTOR'S OBJECTION TO THE ALLOWANCE OF CLAIM #6-1 OF PLANTSNAP, INC. [dkt #140] UNTIL TRIAL OF ADVERSARY PROCEEDING**

ON THIS DATE the Court reviewed the file in the above-referenced case with particular reference to the Debtor's Objection to the allowance of Claim #6-1 filed by PlantSnap, Inc. ("PlantSnap" or "Claimant") on October 10, 2024, in the amount of $3,434,927.85. The claim objection was filed by the Chapter 7 Debtor, Eric Ralls (the "Debtor"), on January 28, 2026 (the "Claim Objection"). The Claim Objection is currently set for hearing for August 25, 2026 at 9:30 a.m. in the Plaza Tower Bankruptcy Courtroom in Tyler, Texas.

The Court is also cognizant of a pending adversary proceeding involving these parties styled *PlantSnap, Inc. v. Eric Ralls*, pending in this Court under adversary proceeding no. 24-6044 in which PlantSnap seeks a determination of dischargeability against the Debtor which would render the aggregate debt allegedly owed to it nondischargeable under 11 U.S.C. §523(a)(2), (a)(4), (a)(6), and (a)(19) ("the PlantSnap

Adversary).[1]

Because the currently-scheduled contested matter and the pending adversary proceeding involve common questions of law and fact, it would serve the interests of judicial economy as well as a reduction of the costs imposed upon the parties to conduct a hearing on the Claim Objection in conjunction with the trial of the adversary complaint involving these same parties in adversary proceeding no. 24-6044. Accordingly, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the August 25, 2026 hearing to consider the Debtor's Objection to the allowance of Claim #6-1 of PlantSnap, Inc., filed by the Debtor on January 28, 2026, is hereby **CONTINUED** and shall be conducted in conjunction with the trial of the adversary complaint between these same parties in Adversary Proceeding No. 24-6044 pending in this Court, with no further notice to any party.

**IT IS FURTHER ORDERED** that the Court will revert to its usual procedures to procure the recommendations of the parties as to the continued preparation of the

---

[1] As for the discussions in earlier conferences with the Court regarding the Debtor's standing to prosecute the claim objection, the Court is satisfied that the Debtor has standing to prosecute the Claim Objection in light of the prosecution of the nondischargeability actions against him. *See, e.g. In re Curry*, 409 B.R. 831 (Bankr. N.D. Tex. 2009) and citations contained therein. ["[A] debtor has standing to object [to a claim] if the debtor has a pecuniary interest in the outcome of the claim objection....A debtor has a pecuniary interest in the objection of a claim that may be non-dischargeable." *Id.* at 837-38; *In re Toms*, 229 B.R. 646, 651 (Bankr. E.D. Pa. 1999). The possibility that the Debtor could defeat the nondischargeability allegations or reduce the amount of a debt that is found to be nondischargeable is sufficient to satisfy the pecuniary interest examination and provide standing to the Debtor to object to the claim. *Mandel v. Mastrogiovanni Schorsch & Mersky (In re Mandel*), 641 F. App'x. 400, 404-05 (5th Cir. 2016).

adversary complaint for trial in Adversary Proceeding No. 24-6044 and the status conference currently scheduled to be conducted in that adversary proceeding on August 25, 2026 is **CANCELLED**.

**IT IS FURTHER ORDERED** that the Bankruptcy Clerk will docket this Order in the dockets of both the above-referenced Chapter 7 case and in adversary proceeding no. 24-604-4.

Signed on 08/21/2026

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE
Acting By Designation in the Absence of
Joshua P. Searcy, United States Bankruptcy Judge